IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES GUY WHITE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 21-CV-03302-SRB |
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs Charles Guy White and Michelle White's (collectively, "Plaintiffs") Motion to Remand. (Doc. #9.) For the reasons stated below, the motion is DENIED.

This lawsuit arises out of injuries Charles White ("Mr. White") sustained while operating a 2012 Freightliner truck owned by Hub City Propane, LLC. According to Plaintiffs' state court petition, an unidentified driver traveling in the opposite direction as Mr. White crossed the center line and came into Mr. White's path. Mr. White swerved to avoid a collision which caused the truck to overturn and skid off the road. The unidentified driver fled the scene. Mr. White made a claim to recover under various insurance policies Defendant Nationwide Agribusiness Insurance Company ("Defendant) issued to Hub City Propane, LLC. Defendant denied coverage.

Mr. White and his wife, Michelle White, subsequently filed suit in the Circuit Court of Christian County, Missouri, asserting breach of contract for uninsured motorist coverage, loss of consortium, breach of contract for medical payments coverage, and vexatious refusal to pay. Defendant timely removed the case to federal court based on diversity of citizenship. Plaintiff

then filed a motion to remand, arguing Defendant cannot establish the requisite amount in controversy for subject matter jurisdiction.[1]

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge that removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states[.]" 28 U.S.C. § 1332(a)(1). "[T]he party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Nauden v. Stearns*, No. 05-CV-479 CAS, 2005 WL 3143742, at *1 (E.D. Mo. Nov. 23, 2005) (citation omitted). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "The materials a removing defendant submits to demonstrate satisfaction of the amount in controversy by a preponderance of the evidence may include affidavits, declarations, and other documentation." *Hughes v. Transwood, Inc.*, No. 4:17cv01946 PLC, 2018 WL 1762719, at *1 (E.D. Mo. Apr. 12, 2018). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

Here, the Court finds the amount in controversy requirement is met. Plaintiffs' state court petition seeks $100,000 under the uninsured motorist coverage, and $50,000 under the auto medical payments. Plaintiffs argue that it is improper for "Nationwide to cite Plaintiffs' amount

---

[1] Plaintiff does not dispute, and the Court finds, that the citizenship of the parties is diverse.

of $50,000 as to medical payments to support removal while also claiming $5,000 is the actual coverage amount. If an item of damage is not recoverable in the amount Plaintiffs allege, then Nationwide should not be able to cite Plaintiffs alleged amounts to support its claim of removal." (Doc. #11-1, p. 1.) However, regardless of the actual amount of medical payments coverage, the Court finds Defendant otherwise establishes the amount in controversy requirement. For example, Defendant attaches a declaration of the various insurance policies at issue, which state uninsured motorist coverage has a limit of $100,000. (Doc. #10-1, p. 121.) Plaintiffs do not dispute that they are seeking the full $100,000 of uninsured motorist coverage.

Furthermore, Plaintiffs allege a vexatious refusal to pay cause of action, which includes a prayer for actual damages, statutory penalties, and punitive damages in the sum of $500,000. Plaintiffs also assert a loss of consortium cause of action seeking lost wages and various emotional distress damages. While Plaintiffs are correct that they are not bound by the amount of damages pled in their prayer for relief, Plaintiffs cannot establish with legal certainty that their claims are for less than the requisite amount. Given the nature of Plaintiffs' claims, the Court finds Defendant has met its burden to establish the Court's subject matter jurisdiction over this case.

Accordingly, it is ORDERED that Plaintiff's Motion to Remand (Doc. #9) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: January 21, 2022